Law Library

**IN THE SUPERIOR COURT OF GUAM**

FILED
SUPERIOR COURT
OF GUAM

2013 JUL 17 PM 4: 05

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) | Civil Case No. CV1465-06 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CYFRED, LTD., KINI B. SANANAP and IOWANA M. SANANAP, | ) ) ) | |
| Defendants. | ) ) ) | |
| | ) ) | Decision & Order (Sananaps' Motion to Amend Judgment) |
| KINI B. SANANAP and IOWANA M. SANANAP, | ) ) ) | |
| Counterclaimants, | ) ) ) | |
| vs. | ) ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) ) | |
| Counterclaim Defendant. | ) ) ) | |

This matter came before the Court on the motion of the Sananaps to amend the judgment that was entered on March 20, 2013. The motion was filed April 1, 2013. National Union opposed the motion and the Sananaps replied. The motion was not heard and was taken under advisement on April 18, 2013. The Court concludes the motion must be DENIED.

## LAW AND REASONING

The Sananaps bring their motion pursuant to Rule 59(e) of the Guam Rules of Civil Procedure. Rule 59(e) "allows a court to reconsider and amend a previous order, but is an 'extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial

1

resources.'" *Guam Bar Ethics Committee v. Maquera*, 2001 Guam 20 ¶ 9 (quoting *Kona Enterprises v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). The Court may grant a Rule 59(e) motion "(1) if the movant demonstrates that it is necessary to prevent manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if there is an intervening change in controlling law." *Id.* (citations omitted).

In this case, the Sananaps maintain that their motion should be granted "because the Judgment and Decision and Order are clearly erroneous and/or result in manifest injustice." *See* Memorandum of Points and Authorities, at 1 (4/1/2013) ("Memorandum"). The Sananaps are referring to the decision and order that was entered on March 19, 2013 and the judgment that followed on March 20, 2013. The Sananaps, however, raise no substantially novel arguments and provide no significant support for the arguments they do raise. S*ee NL Industries. Inc. v. Commercial Union Ins. Companies*, 938 F.Supp. 248 (D.N.J. 1996) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden").

The Sananaps first argue that the law of the case doctrine prohibits the Court from finding that a settlement had not been reached. *See* Memorandum, at 3-5. "'Under the 'law of the case' doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'" *Carlson v. Perez*, 2007 Guam 6 ¶ 19 (quoting *People v. Orallo*, 2006 Guam 8 ¶ 5). The Sananaps specifically contend that the Court, in its June 13, 2011 Decision and Order ("June 13 Order"), essentially ruled that "summary judgment should be denied as to the counterclaim with respect to the conditional

2

contentions." Memorandum, at 4. The Sananaps' interpretation of the June 13 Order is misplaced. Although the parties did raise the issue of whether a settlement agreement exists in their respective motions, the Court did not rule on the issue. *See* Decision and Order, CV1465-06 (6/13/2011). The Court simply stated in the June 13 Order that, "questions of fact exist and must be resolved to determine whether both a settlement existed and subsequent breach occurred." *Id.* at 4-5. The Court issued the order for the purpose of granting the Sananaps' request for leave to file additional counterclaims. *See id.* As such, the law of the case doctrine does not apply, and the Court was not precluded under the doctrine from granting National Union's motion.

The Sananaps next contend that the Court erred when it did not give them an "informed chance" to address the issue of whether a settlement agreement exists because the issue was not argued in National Union's motion for summary judgment. *See* Memorandum, at 5-8. For the Sananaps to now take that position is not sound.

First, National Union raised the issue in its summary judgment motion when it argued that, "*[t]he alleged settlement is a legal impossibility* as the alleged acceptance . . . does not match the offer . . . ." *See* Motion for Summary Judgment as to the First Count of the Sananap's Additional Counterclaims, at 8 (10/4/2012) (emphasis added). The Court, however, relied on a different basis for finding that the alleged settlement agreement was a "legal impossibility," or that it did not exist. Although National Union did not specifically argue that no agreement existed as a result of the conditions, there was enough in its motion to place the Sananaps on notice of the need to establish that a settlement agreement exists. National Union argued early in the motion that, "[i]n order for a contract to be formed, the terms of a purported acceptance must match the terms of the offer." *See id.* at 4 (citing 17A Am. Jur. 2d Contracts § 30; *Cruz*, 2009

3

Guam 12). It also identified the various correspondences that show no agreement even existed. *See id.* at 7-8. Accordingly, they should have addressed the issue in their opposition to National Union's summary judgment motion or at the December 19, 2012 hearing, but failed to do so.

As such, although the fundamental basis of National Union's motion is that the terms of the purported acceptance of the settlement did not match the terms of the settlement offer, the question as to the existence of a settlement agreement had to be addressed first. It is well settled that one cannot seek to enforce the terms of an agreement, without first establishing that an agreement (in this case, a settlement agreement) does in fact exist. *See Blas v. Cruz*, 2009 Guam 12 ¶ 18 (quoting *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 ¶ 34) ("'In order to meet their burden in establishing the existence of a contract, ... plaintiffs must show: 'an offer encompassing all essential terms, unequivocal acceptance by the offeree, consideration, and an intent to be bound.'"). Regardless of whether the settlement agreement applied to all plaintiffs or only to the Sananaps, it is the Sananaps' burden to first establish that a settlement agreement exists. *Kim v. Hong*, 1997 Guam 11 ¶ 7 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)) ("The non-moving party may not rely on unsupported or conclusory allegations of his pleadings, but must present some significant probative evidence tending to support the complaint."). After all, it is the Sananaps (not National Union) who are seeking to enforce the terms of the alleged settlement agreement. *See* Defendants Kini B. Sananap and Iowana M. Sananap's Additional Counterclaims, at 2, ¶ 3 (6/16/2011) (the First Count reads: "On November 13, 2007, National Union and the Sananaps agreed to settle various claims of the Sananaps, many of which are the subject of this case, for its payment to the Sananaps of $75,000; . . . ."). They, however, have failed to satisfy that burden.

4

Second, National Union first raised the issue on November 15, 2010, when it filed its opposition to the Sananaps' motion to file additional counterclaims. *See* National Union's Opposition to Defendants Kini B. Sananap and Iowana M. Sananap's Motion for Leave to File Additional Counterclaims, at 10-11 (11/15/2010). National Union opposed the filing, arguing that no settlement agreement existed. *See id.* The Sananaps filed their reply to National Union's opposition and argued to the contrary. *See* Sananaps' Reply Memorandum in Support of Their Motion for Leave to File Additional Counterclaims, at 5 (11/22/2010).

Third, the Court, in its June 13, 2011 order, also gave notice to the Sananaps that the issue needed to be resolved. *See* Decision and Order, at 4-5 (6/13/2011). The Court simply did not entertain the issue because it was not properly brought before the Court.

Based upon the above, the Sananaps were given an informed chance to address the issue. They just failed to act on it.

Lastly, the Sananaps claim that if they had been given an informed chance to address the issue they would have clearly shown that summary judgment would not have been granted in favor of National Union. *See* Memorandum, at 5. Nevertheless, even if the Court, when ruling on National Union's motion for summary judgment, had considered the "pertinent contrary facts" that the Sananaps are now offering in their Rule 59(e) motion, the Court would still have found that no settlement agreement exists.

The only additional evidence the Sananaps offer in their Rule 59(e) motion is in the "Declaration of Wayson S. Wong". *See* Declaration of Wayson S. Wong (4/1/2013). The Declaration, however, offers nothing new. *See id.* It was written almost six years after the settlement negotiations took place and is uncorroborated. *See id.* As such, it does not create a genuine issue sufficient to defeat a motion for summary judgment. *See Villiarimo v. Aloha*

5

*Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir.1996)) (no "genuine issue" may be found "where the only evidence presented is 'uncorroborated and self-serving' testimony."). All the other "pertinent contrary facts" referenced in the Sananaps' Rule 59(e) motion (e.g., e-mails, letters, etc.) were previously considered by the Court when it issued the March 19, 2013 order.

## CONCLUSION

Based on the foregoing, the Court concludes that the Sananaps have failed to present sufficient grounds for amendment under Rule 59(e). Therefore, the Sananaps' motion is hereby DENIED.

July 17, 2013.

_____
Richard H. Benson
Judge, *pro tempore*, Superior Court of Guam



6